ORIGINAL

FILED
DISTRICT OF WYOMING
CASPER

2002 JAN -8 PM 1:13

CLERK
U.S. DISTRICT COURT

Harry G. Bondi
Harry G. Bondi Law Offices, P.C.
143 South Center Street
Casper, WY 82601
307.266.4425
307.266.4426 (fax)

Attorney for Fred Mueller

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FRED MUELLER,

Plaintiff,

vs.

CITY OF SHERIDAN, OFFICER DAVE HEIN, OFFICER TOM RINGLEY, OFFICER MIKE BOURKE, CHIEF OF POLICE YARDAS OF SHERIDAN POLICE DEPARTMENT, individually and in their official capacity as police officers for the City of Sheridan, Wyoming,

Defendants.

02 CV 1002 J

# COMPLAINT

COMES NOW the Plaintiff, Fred Mueller, by and through counsel, the Harry G. Bondi Law Offices, P.C., and for his Complaint against the

Receipt # 295485
Summons: 5 Issued

Defendants, states and alleges as follows:

***Jurisdiction***

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§1331 and 1343, and the aforementioned statutory provision. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

***Parties***

2. The Plaintiff, Fred Mueller, is a sixty-two (62) year old citizen of Sheridan County, Wyoming, married, a father, and is a retired coal miner.

3. The City of Sheridan, Wyoming, is a governmental entity, a municipality, organized under the laws of the state of Wyoming and owns, operates, manages, directs and controls the Sheridan Police Department, which employs the other named Defendants.

4. The Defendant, Dave Hein, is, and was at all times relevant to this action, an officer of the Sheridan Police Department and acted under color of state law. Upon information and belief he is a patrol officer for the Sheridan

Police Department. He is being sued in both his individual and official capacities.

5. The Defendant, Tom Ringley, is, and was at all times relevant to this action, an officer of the Sheridan Police Department and acted under color of state law. Upon information and belief he is a patrol officer for the Sheridan Police Department. He is being sued in both his individual and official capacities.

6. The Defendant, Officer Mike Bourke, is, and was at all times relevant to this action, an officer of the Sheridan Police Department and acted under color of state law. Upon information and belief he is a patrol officer for the Sheridan Police Department. He is being sued in both his individual and official capacities.

7. The Defendant, Chief of Police Yardas, is, and was at all times relevant to this action, an officer of the Sheridan Police Department, and was the Chief of the Sheridan Police Department with supervisory responsibilities over the above-named officers, and Chief Yardas was at all times relevant to this action acting under color of state law. He is being sued in both his individual

and official capacities.

8. All matters, acts, events, and omissions complained of herein occurred within the State of Wyoming and within the District of Wyoming.

***First Cause of Action***

9. Plaintiff, Fred Mueller, by reason of his age and natural process, suffers a number of physical limitations.

10. On or about January 9, 2001, at approximately 11:30 p.m., Fred Mueller was stopped on North Sheridan Avenue, City of Sheridan, Wyoming, by Sheridan Police Officer, Dave Hein, and was alleged to have been drinking alcohol and operating a motor vehicle, and was alleged to have had has car illegally parked. The Plaintiff was detained for no reason other than advising Officer Hein that the officer had no reason to stop the Plaintiff, and that it was ridiculous to ask him, the Plaintiff, if he had been drinking, and that it was also ridiculous for the officer to state to the Plaintiff that the Plaintiff's car had been illegally parked.

11. In fact, Fred Mueller had just left his car pool partner two blocks away from the stop by Officer Hein, as he and his car pool partner had just

returned from completing their shifts at the Decker Mine, in Decker, Montana. Fred Mueller had not drank any alcoholic beverages the entire day, nor for several months. Immediately following Plaintiff advising Officer Hein that there was no reason for the officer to stop Mueller, Mueller, was kicked and physically assaulted by Officer Hein, with Officer Hein using his baton and a flashlight.

12. During this detainment and assault, Officer Mike Bourke arrived and Officer Bourke began to physically assault Fred Mueller, and at that time both officers Hein and Bourke physically assaulted the Plaintiff.

13. A third Sheridan police officer arrived at the scene, Officer Tom Ringley, and all three officers participated in the physical assault upon Plaintiff.

14. The three officers physically abused Fred Mueller by kicking him with their boots and hitting him about the body including his head, face, shoulders, back, arms, and legs, both with their fists, and with a hard instrument like police batons or flashlights. The officers also sprayed the Plaintiff with some form of material which further disabled him.

15. After severely beating Fred Mueller, the officers realized how old

Fred Mueller was, and to justify the beating that the three officers had given Mueller, Officers Hein, Bourke and Ringley concocted a story that Fred Mueller had interfered with a police officer and had resisted arrest.

16. The above-named officers thereafter unlawfully arrested and seized Fred Mueller.

17. Fred Mueller was later charged both in Circuit Court, Fourth Judicial District for Sheridan County, with criminal assault and battery, and was also charged in Sheridan Municipal Court with criminal interference with a police officer, running a stop sign, and disorderly conduct. In each of those cases, filed in order to disguise the officers' intentional, malicious, reckless, and bad faith behavior, the prosecuting authorities have announced that they will not proceed with such charges in either court.

18. Now, a year after charging Fred Mueller with assault and battery, interference with a police officer, and resisting arrest, those criminal matters have not been prosecuted and his attorney of record in those proceedings has been advised that those charges in the Circuit Court, Fourth Judicial District for Sheridan County, and Sheridan Municipal Court, will not be prosecuted.

19. The beating Fred Mueller suffered was without cause or justification, was unprovoked, and not needed for any reason, and not needed to conduct a traffic stop; the beating was unlawful and constituted an assault and battery upon Fred Mueller.

20. Fred Mueller was ultimately taken to Memorial Hospital of Sheridan County and treated for the vicious beating his suffered, and thereafter was transported to the Sheridan County Detention Center. He has suffered special damages including the following:

| | | |
|---|---|---|
| A. | Lost Wages | 3,176.80 |
| B. | Hospital | 1,187.00 |
| C. | Wyoming Radiology | 159.53 |
| D. | Wyoming Radiology | 28.72 |
| E. | Tow Bill | 45.00 |
| F. | Attorney's Fees | 2,000.00 |

21. At no time did Fred Mueller commit the above-referenced offenses of which he was charged, nor did he commit any offense for which an arrest may be lawfully made. Other than to attempt to extricate himself and avoid the

assaults upon him, at no time did Plaintiff strike, attempt to strike, or intend to strike, any of the Defendant police officers, or any other police officer. At no time did Plaintiff harass, threaten, resist arrest in any way, commit any illegal acts or engage in any conduct which in any way justified the actions of the police.

22. The false criminal charges filed against the Plaintiff and Plaintiff's wrongful imprisonment, because of Defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless, in bad faith, and constitute willful and wanton misconduct, and also constitute malicious prosecution and malicious abuse of process.

23. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer injuries, including but not limited to his back, arms, chest, neck, head, and legs.

24. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer mental anguish, psychological and emotional distress, fright, shock, and pain and suffering.

25. As a direct and proximate result of Defendants' actions, Plaintiff was arrested and detained without just or probable cause.

26. As a direct and proximate result of Defendant's actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteen Amendments to the United States Constitution, and the laws of the state of Wyoming.

27. In order to protect itself from liability from claims, including meritorious and worthy claims, no information from the Sheridan Police Department, or the City of Sheridan, has been made available to the public or the Plaintiff regarding any investigation into the officers' activities in this matter.

28. At the time of filing this Complaint, a substantial time after the unlawful arrest and beating inflicted upon Plaintiff by the Sheridan Police Department officers named above, the Defendants are still believed to be employed by the Sheridan Police Department. No criminal charges have been filed against any of these Defendants, nor have any records or reports been made available to the Plaintiff or his attorneys showing that any internal investigation occurred, nor have the results of any investigation been made available to the

Plaintiff or his attorneys. If someone who is not a member of the Sheridan Police Department were to arrest and beat the Plaintiff with fists, boots, batons, and flashlights about his head, neck, chest, shoulders, stomach, back, arms, legs, causing the injuries inflicted upon Fred Mueller, the person so acting would probably be charged with a crime.

29. Defendant City of Sheridan, as a matter of policy and practice, has with deliberate indifference failed to adequately hire, screen, discipline, train, sanction, or otherwise direct police officers concerning the rights of citizens, thereby causing the Defendant officers, as in this case, to engage in the unlawful conduct described herein.

30. Defendant City of Sheridan, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers, including the Defendant officers in this case, for violations of the Constitutional rights of citizens and other rights of citizens, thereby causing the police, including the Defendant officers in this case, to engage in unlawful conduct.

31. Defendant City of Sheridan, as a matter of policy and practice, has

with deliberate indifference, failed to sanction or discipline police officers, including the Defendant officers in this case, who are aware of and substantially conceal violations of Constitutional rights of citizens and other rights of citizens, by other police officers, thereby causing and encouraging police, including the Defendant officers in this case, to engage in unlawful conduct.

32. The actions of the Defendants, acting under the color of state law, deprived Plaintiff of his rights, privileges, and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from unlawful arrest and seizure, to be free from intentional assaults and batteries and the excessive use of force, and from malicious prosecution, malicious abuse of process, and to due process.

33. By these actions, Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

***Second Cause of Action***

34. Plaintiff hereby realleges Paragraph Nos. 1 through 33 of this Complaint, as though fully set forth herein.

35. The acts and conduct and the Defendants alleged in the above-stated cause of action constitute assault and battery, false arrest, false imprisonment, malicious prosecution, malicious abuse of process, intentional infliction of emotional distress, outrageous conduct, negligence, willful and wanton misconduct, reckless disregard for the rights of others, and negligent hiring, retention and supervision of the laws of the State of Wyoming, and this Court has pendent jurisdiction to hear and adjudicate said claims.

WHEREFORE, Plaintiff requests the following relief:

1. Judgment against the Defendants sufficient to compensate Plaintiff for the injuries sustained;

2. Punitive or exemplary damages in order to deter such willful and wanton misconduct, and to deter such reckless disregard for the rights of others in the future;

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as appears just and equitable.

DATED this 8th day of January, 2002.

FRED MUELLER, PLAINTIFF

Harry G. Bondi
Harry G. Bondi Law Offices, P.C.
143 South Center Street
Casper, WY 82601
307.266.4425
307.266.4426 (fax)

PI 3760
\das:0130-02